IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GUSTAVO MEDINA,                          *

    Plaintiff,                           *

                              Case No. 8:26-cv-03255-TJS

           v.                           *

ENTERPRISE (RAC) COMPANY OF             *
MARYLAND LLC, ET AL.,
                              *

    Defendants.
                *     *     *     *     *     *

**MEMORANDUM OPINION**

Plaintiff filed this lawsuit to recover for injuries he sustained when a vehicle he rented from Defendants ran off the road and crashed. ECF No. 9. But Plaintiff has not plausibly alleged the crash was caused by anything Defendants did wrong. For these reasons, Plaintiff's claims will be dismissed without prejudice.

## I.      Introduction

This case is pending before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). ECF No. 16. Plaintiff filed his Complaint on October 1, 2025. ECF No. 1. Less than two weeks later, Plaintiff filed an Amended Complaint. ECF No. 9. Defendants then moved to dismiss the Amended Complaint. ECF No. 17. Having considered Defendants' Motion to Dismiss ("Motion"), along with Plaintiff's response (ECF No. 18), and Defendants' reply (ECF No. 19), I find that a hearing is unnecessary. *See* Loc. R. 105.6.

## II.      Legal Standard

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A

complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). And a complaint must consist of "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). While a court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient. *Id.* A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted). Nonetheless, merely reciting a claim's elements "and supporting them by conclusory statements does not meet

the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)).

### III.    Discussion

#### A.    Factual Allegations

The following facts are drawn from the Amended Complaint and are accepted as true for the purposes of resolving the Motion. *See Ibarra*, 120 F.3d at 474.

In February 2024, Plaintiff's job required him to attend training at a facility in Frederick, Maryland. ECF No. 9 ¶ 8. On February 5, 2024, Plaintiff entered a contract with Defendant Enterprise (RAC) Company of Maryland, LLC ("Enterprise") to rent a 2022 Nissan Frontier pickup truck (the "vehicle") from the Enterprise location at Dulles International Airport in Virginia. *Id.* ¶¶ 8-9. Defendant Enterprise Holdings, Inc. (the "holding company") supplied Enterprise with vehicles for rent, including the vehicle that Plaintiff rented. *Id.* ¶ 20. The holding company also directs, supervises, and maintains the records that are used to schedule vehicle repairs and maintenance. *Id.*

While Mr. Medina had the vehicle, he was the sole driver, and he operated it "properly on paved roads within speed limits." *Id.* ¶ 15. He encountered no road obstructions or potholes while operating the vehicle. *Id.* At all relevant times, the vehicle was equipped with four Hankook Dynapro AT2 Xtreme tires. *Id.* ¶ 16. Such tires are designed for all-terrain use. *Id.* For "proper performance and longevity" of the tires, regular maintenance is required. *Id.* ¶ 17. This includes tire rotation, air pressure checks, wheel balancing, and alignment every 6 months or 6,200 miles. *Id.* AT2 tires can be driven 60,000 miles or more without incident, and it is unusual for such tires to fail at 30,000 miles. *Id.*

Plaintiff was driving the vehicle on February 10, 2024, on Maryland State Route 340 with cruise control set at 70 miles per hour. *Id.* ¶ 10. Plaintiff heard a noise and then lost control of the vehicle as it swerved off to the right of the roadway. *Id.* The front driver's side of the vehicle clipped a guardrail, then the vehicle ran into an embankment and was tossed back against the guardrail. *Id.* Plaintiff was injured and was transported to a local hospital for treatment. *Id.* Plaintiff's treatment has continued but his recovery has been slow. *Id.* ¶¶ 11-12. At the time of the crash, the vehicle had approximately 30,000 miles on the odometer. *Id.* ¶ 14.

The vehicle was taken to a secure Enterprise lot in Springfield, Virginia. *Id.* ¶ 22. Over six months after the crash, on August 27, 2024, pictures were taken of the vehicle's tires. *Id.* ¶ 19. The pictures show a flat front passenger-side tire. *Id.* The pictures also show that there were "significant miles on the tires," but no evidence of tread separation. *Id.* The pictures show the vehicle in the same condition as it was in on February 10, 2024. *Id.* ¶ 23.

In January 2025, the vehicle was towed from the secure Enterprise lot to a facility operated by a third party (Copart) in Waldorf, Maryland. *Id.* ¶ 24. A subsequent inspection of the vehicle revealed that between August 27, 2024 (when the pictures were taken) and January 25, 2025 (when the vehicle was towed to the Copart facility), "substantial alterations were made." *Id.* ¶ 25. The alterations included replacement of the vehicle's entertainment system, the removal of references to the vehicle's off-road capabilities, and the removal and replacement of the tires that were on the vehicle at the time of the crash. *Id.* ¶ 26.

B.    **Plaintiff's Claims**

The Amended Complaint contains four claims. Count One is a negligence claim against both Defendants. Plaintiff claims that Defendants were negligent because the tires of the vehicle they rented to Plaintiff did not stay inflated. According to Plaintiff, Defendants breached their

4

duties (1) to maintain the rental vehicle in a safe condition and (2) to only rent vehicles that are reasonably safe for the intended use. *Id.* at 11. Count Two is another negligence claim against both Defendants. *Id.* at 11-12. This claim is apparently brought on behalf of an unidentified class of other car renters. Plaintiff claims that Defendants were negligent in failing to provide certain warnings and safety information to drivers who rented the vehicle prior to the time that Mr. Medina rented it on February 5, 2024. Count Three is another negligence claim against both Defendants. Plaintiff claims that Defendants were negligent in failing to monitor the speed of drivers who had rented the vehicle before Mr. Medina rented it and in failing to monitor the location where the vehicle was driven. Because Defendants had failed to monitor the speed and location of those who had driven the vehicle before Mr. Medina, they were unable to disclose information about the vehicle's past improper use. In turn, Mr. Medina was "prohibit[ed] [from] making an informed decision about renting the vehicle." *Id.* at 12-13. Count Four is for breach of contract against both Defendants. *Id.* at 13. Plaintiff claims that the rental contract provided that the vehicle was in good physical and mechanical condition, and that Defendants breached the contract by "providing a truck with a tire that failed under normal use." *Id.* at 13. Plaintiff seeks damages in the amount of $31,000,000.

### C.    Analysis

Defendants argue that the Amended Complaint should be dismissed with prejudice because it fails to state a claim upon which relief can be granted. ECF No. 17. In considering Defendants' arguments, the Court will apply Maryland law as to the negligence claims and Virginia law as to the breach of contract claim. This is because a "federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487,

5

496-97 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)). Maryland adheres to the principle of *lex loci delicti* to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because the crash occurred in Maryland, the Court will apply Maryland law to the negligence claims. For contracts, Maryland follows a similar principle, *lex loci contractus*, under which courts will apply the law of the jurisdiction where the contract was made (subject to a public policy exception not relevant here). *Brownlee v. Liberty Mut. Fire Ins. Co.*, 456 Md. 579, 585 (2017). Because the parties entered into the rental agreement in Virginia, the Court will apply Virginia law to the breach of contract claim.

### 1.     Negligence

To state a negligence claim under Maryland law, a plaintiff must allege that the defendant was under a duty to protect the plaintiff from injury, that the defendant breached that duty, that the plaintiff suffered injury or loss, and that the plaintiff's injury or loss was the proximate result of the defendant's breach of duty.  *Steamfitters Loc. Union No. 602 v. Erie Ins. Exch.*, 469 Md. 704, 727 (2020).

The Court determines whether a duty exists as a matter of law. *H&M Co., Inc. v. Technical Heat Transfer Servs., Inc.*, No. TDC-14-1518, 2015 WL 1472000, at *5 (D. Md. Mar. 30, 2015). "Absent a duty of care, there can be no liability in negligence." *Walpert, Smullian & Blumenthal, P.A. v. Katz*, 361 Md. 645, 655 (2000); *Choice Pain & Rehab. Ctr., LLC v. Optum, Inc.*, No. DLB-24-2144, 2025 WL 948294, at *6 (D. Md. Mar. 28, 2025)

In *Choice Pain*, Judge Boardman summarized the Maryland law of duty:

A "duty" is "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward one another." *100 Inv. Ltd.*

*P'ship v. Columbia Town Ctr. Title Co.*, 60 A.3d 1, 10 (Md. 2013) (quoting *Blondell v. Littlepage*, 991 A.2d 80, 94 (Md. 2010)). And "whether 'an actionable duty exists represents a policy question of whether the specific plaintiff is entitled to protection from the acts of the defendant.'" *Id.* (quoting *Blondell*, 991 A.2d at 94). Courts are reluctant to extend tort liability in new contexts. *See, e.g.*, *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 155 A.3d 445, 459–62 (Md. 2017) (declining to extend tort liability in the context of construction projects "because the complex web of contractual arrangements predominates and injecting a tort duty is not in the public interest"); *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1108–09 (Md. 1999) (declining to extend tort liability of an insurance agency to third-party beneficiaries after the insurance agency failed to procure liability insurance for an insured); *Erie Ins. Co. v. Chops*, 585 A.2d 232, 235 (Md. 1991) (declining to extend tort liability where a statute imposed a duty on automobile insurers to notify motor vehicle administration of cancellation of automobile insurance policy and "the statute did not create a legally cognizable duty running from [the insurer] to all persons who might thereafter suffer economic damage by reason of involvement in an accident with an uninsured motorist").

*Choice Pain*, 2025 WL 948294, at *7.

Courts consider two main factors when deciding whether to recognize a duty: "the nature of the harm likely to result from a failure to exercise due care, and the relationship that exists between the parties." *Jacques v. First Nat. Bank of Maryland*, 307 Md. 527, 534 (1986). "Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability." *Id.* An "intimate nexus" exists when the parties are in "contractual privity or its equivalent." *Id.*

### 2. Breach of Contract

To state a breach of contract claim under Virginia law, a plaintiff must allege: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 758 S.E.2d 55, 60 (2014) (quoting *Filak v. George*, 267 Va. 612, 594 S.E.2d 610, 614 (2004)). Additionally, "offer, acceptance and consideration must exist

7

to form a valid contract." *Melo v. Zumper, Inc.*, 439 F. Supp. 3d 683, 696 (E.D. Va. 2020) (citing *Snyder-Falkinham v. Stockburger*, 249 Va. 376, 457 S.E.2d 36, 39 (1995)).

### 3.    The Flat Tire

Defendants argue that Plaintiff has failed to state any plausible claims because they are all based on speculation. ECF No. 17-1 at 4-6. Each of Plaintiff's claims depends on the vehicle's flat front passenger-side tire being the cause of the crash. But Plaintiff's allegations regarding the flat tire being the cause of the crash are entirely speculative. Plaintiff claims that the flat tire was observed approximately six months after the crash but does not allege with specificity the state of the tire prior to the crash. That the vehicle's tire was flat after the crash occurred does not support a reasonable inference that the tire was flat before the crash or that it caused the crash. It is, of course, possible that the tire went flat before the crash, but "sheer possibility" is not the same as plausibility. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557).  It is possible that the tire went flat before the crash, or that it went flat during the crash, or that it went flat because of a hazard on the roadway, or that it went flat after the crash for some cause unrelated to the crash itself. At this stage, the Court does not concern itself with possibility, but plausibility. Plaintiff's allegations regarding the flat tire as the cause of the crash fall short of giving rise to any plausible claims against Defendants for negligence or breach of contract.

Plaintiff's arguments in opposition to the Motion miss the point. Plaintiff assumes that Defendants "placed a vehicle in service with an unsafe tire," but the Amended Complaint does not contain sufficient factual content to allow the Court to draw a reasonable inference that this is the case. Plaintiff's allegations are that Plaintiff heard a noise while driving the vehicle and the vehicle

swerved off the road, crashing into an embankment and a guardrail. Plaintiff alleges that the tires on the vehicle should last for 60,000 miles but does not allege how long the tires had been on the vehicle or the number of miles they had traveled. Plaintiff alleges that pictures taken of the front-passenger tire six months after the crash show that the tire was flat but does not allege that the tire was flat before, during, or even immediately after the crash. And Plaintiff does not allege any defect in the tire that caused it to become flat before the crash.

Plaintiff's negligence and breach of contract claims are based on speculation that a flat or damaged tire caused the vehicle to crash. The Amended Complaint does not contain sufficient factual allegations for Plaintiff's claims to cross the line from possible to plausible. Because Plaintiff's claims do not raise the right to relief above a speculative level, the Motion must be granted.

### 4.    Negligent Maintenance

Defendants also argue that Plaintiff's negligent maintenance claim (Count One) must be dismissed because the Amended Complaint does not allege facts showing that either of the Defendants breached any duty owed to Plaintiff. ECF No. 17-1 at 6-8. Plaintiff alleges that Defendants had a common law duty to maintain the vehicle in safe condition and to provide only vehicles reasonably safe for the intended use of their customers. Plaintiff alleges that Defendants breached this duty, but he does not explain how. The only allegations in the Amended Complaint concerning the inspection and maintenance of the vehicle concern the vehicle's mileage (about 30,000 miles) and the types of tires with which it was equipped (Hankook Dynapro AT2 Xtreme). ECF No. 9 ¶¶ 14, 16. The Amended Complaint alleges generally how these tires must be maintained, but it does not allege that Defendants failed to maintain the tires as required. The Amended Complaint alleges that one of the tires was flat six months after the crash, but it does not

allege when or why the tire became flat. It does not allege what maintenance was performed, not performed, or improperly performed.

Plaintiff argues that these threadbare allegations "support the reasonable inference that a condition existed that a reasonable inspection/maintenance would have detected and prevented." ECF No. 18 at 4. The Court disagrees. Plaintiff's claim that Defendants failed to inspect and maintain the vehicle is based entirely on speculation. And while Plaintiff is correct that he is *not* required to "itemize internal maintenance records or identify the exact omitted rotation date" at this stage, ECF No. 18 at 4, he *is* required to allege more than what is set forth in the Amended Complaint. The vehicle crashed while Plaintiff was driving it. Six months later, the vehicle had a flat tire. These allegations do not raise a plausible inference that the flat tire was the cause of the crash, or that the tire became flat because of Defendants' maintenance or inspection failures. Because Plaintiff's negligent maintenance claim does not contain sufficient factual allegations to form a plausible claim, the Motion must be granted.

### 5.    Failure to Disclose (Previous Renters)

Defendants argue that Plaintiff's claim for Defendants' failure to disclose certain information to past renters of the vehicle (Count Two) must be dismissed. ECF No. 17-1 at 8-12. Defendants maintain that the claim is wholly speculative as to whether a prior driver of the vehicle drove it improperly before the time when Plaintiff rented it. *Id.* at 9. Plaintiff does not address this argument. *See* ECF No. 18 at 5. The Court agrees with Defendants and will dismiss this claim because it is based wholly on speculation.

Defendants also argue that the claim should be dismissed because there is no recognized duty by a rental car agency to provide warnings or instructions about how to operate a motor

vehicle. ECF No. 17-1 at 10. Again, Plaintiff does not address this argument. The Court agrees with Defendants and will dismiss this claim, which fails for the lack of a recognized legal duty.

Defendants further argue that the terms of the rental contract refute this claim as a matter of law because they prohibit, except in emergencies, driving rental vehicles on any surface besides a "paved public highway or suitable graded private or public road or driveway" or "in any illegal . . . or reckless manner." ECF No. 17-1 at 10-11 (citing ECF No. 12-2 at 4). Defendants argue that the rental agreement is integral to the Amended Complaint because the Amended Complaint "references, cites, and paraphrases the rental contract at issue, which forms an integral part of the claim for Breach of Contract in Count 4." ECF No. 17-1 at 11 n.3. Plaintiff does not address this argument. The Court agrees with Defendants' position and will dismiss the claim on this alternative basis.

Finally, Defendants argue that Count Two does not allege any injury to Plaintiff. ECF No. 17-1 at 11. Plaintiff addresses this issue in his brief, but only to say that Defendants are reading the Amended Complaint too literally. ECF No. 18 at 5. The Court finds that Plaintiff's Amended Complaint means what it says and that Plaintiff has failed to allege that he was injured because of Defendants' actions or inaction. For this alternative reason, the claim must be dismissed.

### 6.      Failure to Disclose (to Plaintiff)

Defendants argue that Plaintiff's second claim for failure to disclose (Count Three) must be dismissed because there is no recognized duty that required Defendants to install optional accessories, such as a GPS system, on the vehicle, nor is there a recognized duty to only rent vehicles with GPS systems that monitor drivers' speed and location. ECF No. 17-1 at 11. Plaintiff argues that he "has a reasonable belief that the vehicle had a GPS system that Enterprise removed," and that Defendants "had a duty to monitor and disclose the results to prospective renters." ECF

No. 18 at 5. But Plaintiff does not address the core point of Defendants' argument, which is that Defendants had no duty to install or monitor a GPS system in the vehicle. The Court is persuaded by Defendants' arguments and will dismiss Plaintiff's claim in Count Three.

### 7. Breach of Contract

Defendants move to dismiss Plaintiff's breach of contract claim for two reasons. ECF No. 17-1 at 13-15. First, they argue that the holding company was not a party to the rental agreement. *Id.* at 13. Plaintiff does not respond to this argument (except to state that he will not agree that the rental agreement that Defendants reference is the contract at issue in this case, *see* ECF No. 18 at 6 n.4). The Court agrees with Defendants' argument and will dismiss the claim as it relates to the holding company.

Second, Defendants argue that Plaintiff does not identify any provision of the rental agreement that Enterprise breached. ECF No. 17-1 at 13-14. For the same reasons set forth above, the Court agrees. Plaintiff has failed to plausibly allege how Defendants provided him a vehicle for rent that was not "in good physical and mechanical condition." *See* ECF No. 9 ¶ 29. Plaintiff supposes that the crash was caused by a faulty tire, but he makes no plausible allegations that would allow the Court to make this inference. For this reason, the claim must be dismissed.

### 8. Punitive Damages

Defendants argue that Plaintiff's Amended Complaint does not provide a basis for Plaintiff to recover punitive damages. The Court declines to address this argument because the Amended Complaint will be dismissed in its entirety, which deprives Plaintiff of the ability to recover any damages at all.

### D.   Leave to Amend

Plaintiff requests that, if his claims are dismissed, he be granted leave to file a second amended complaint. ECF No. 18 at 9. Courts are to "freely give leave [to amend] when justice so requires." *Ruben v. Wells Fargo Bank, N.A.*, No. BAH-25-450, 2026 WL 1140694, at *3 (D. Md. Apr. 28, 2026) (quoting Fed. R. Civ. P. 15(a)(2)). While it is within the discretion of a district court to deny leave to amend, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons that justify denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* The Fourth Circuit has explicitly directed district courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Because Plaintiff has not proposed what amendments he would make to his complaint if permitted to do so, the Court is unable to determine whether such amendment would be futile. Accordingly, the dismissal of Plaintiff's Amended Complaint will be without prejudice, and Plaintiff may file a motion for leave to file a second amended complaint. Plaintiff's motion shall comport with Local Rule 103.6 and Fed. R. Civ. P. 15(a).

### IV.   Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**. Plaintiff's Amended Complaint is dismissed without prejudice. Plaintiff may file a motion for leave to amend within 14 days of the date of this Memorandum Opinion. The standard

briefing schedule of Local Rule 105.2 will apply. If Plaintiff does not move to amend, this case will be closed.

An accompanying Order follows.

Date:   June 29, 2026                                    _____/s/_____

Timothy J. Sullivan
Chief United States Magistrate Judge

14